UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FLOYD'S 99 HOLDINGS, LLC,
A Colorado limited liability company,

    Plaintiff,　　　　　　　　　　　　　Case No. 2: 12-cv-14696 GER PJK

    　　　　　　　　　　　　　　　　　　　Hon. Gerald Rosen

JUDE'S BARBERSHOP, INC.,
JUDES BARBERSHOP-OTTAWA, INC.
JUDE'S BARBERSHOP – CASCADE, INC.
JUDE'S BARBERSHOP – KALAMAZOO, INC.
JUDE'S BARBERSHOP – LANSING DT, INC.
JUDE'S BARBERSHOP – LANSING, INC.
JUDE'S BARBERSHOP – PORTAGE, INC.
Michigan corporations, and JBI-COTTONWOOD, LLC,
JBI-EAST PARIS, LLC, JBI-WEALTHY, LLC,
JBI-STANDALE, LLC, JBI-WALLED LAKE, LLC,
JBI-OKEMOS, LLC, Michigan limited liability companies,
and THOMAS MARTIN,

    Defendants.
_____

DEFENDANTS ANSWER
_____

    Defendants all Jude's Barbershops (Jude's) and Thomas Martin hereby Answer the Complaint as follows:

1. Admits that Floyds operates barbershops utilizing Floyd's 99 federally registered trademarks, including trade dress, that it opened its first shop in

Denver and lacks knowledge or information sufficient to form a belief regarding the remaining allegations.

2. Admits that Martin entered a Floyd's 99 barbershop in Denver, returned to Michigan and opened a barbershop and denies the remaining allegations.

3. Deny

4. Deny any intentional wrongful acts.

5. Admit

6. Admit

7-18. Deny

19-20. Admit

21. Admit

22-23. Deny

24-25. Defendants lacks knowledge or information sufficient to form a belief regarding the allegations of Para 24-25.

26. Admit Floyd's 99 filed for and received Federal Registration No. 3,467,850, allege that the Registration is invalid and deny the remaining allegations.

27-29. Defendants lacks knowledge or information sufficient to form a belief regarding the allegations of Para 27-29.

30. Deny

31. Admit that Martin entered a Floyd's and deny the remaining allegations.

32. Admit Defendants opened Jude's Barbershops and deny the remaining allegations.

33. Admit Defendants have opened at least 23 barbershops and deny the remaining allegations.

34. Defendants lacks knowledge or information sufficient to form a belief regarding the allegations of Para 34.

35-40.  Deny

41. Defendant incorporates its responses to Paras. 1-40.

42-47.   Deny

48.  Defendant incorporates its responses to Paras. 1-47.

49-50. Deny

51. Admit

52-53. Deny

54. Defendant incorporates its responses to Paras. 1-53.

55-56. Deny

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Floyds fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Invalid Trademark)

Floyd's has no valid, protectable marks or registrations in the trade dress that give it any rights that may be asserted against Jude's.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

Floyd's counterclaims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

### (Fraud)

Floyd's counterclaims are barred, in whole or in part, by fraud on the United States Patent & Trademark Office ("USPTO") including by not disclosing the prior and superior right of use by Rudy's Barbershops in Seattle which was well known to Floyd's.

### FIFTH AFFIRMATIVE DEFENSE
### (No Damages)

Without admitting that Floyd's states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Jude's, and the relief prayed for in the claims therefore cannot be granted.

## SIXTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

Floyd's claims are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

## SEVENTH AFFIRMATIVE DEFENSE
**(Prior use)**

Rudy's Barbershop in Seattle made prior use of the tradedress for a barbershop and the Floyd's Registrations for the trade dress are confusingly similar to Rudy's prior use and Registrations and common law rights.

.

## EIGHTH AFFIRMATIVE DEFENSE
**( Defenses under 15 USC 1115(a)and (b))**

The registrations for the tradedress are cancellable under 14 USC 1115(a) for all legal and equitable reasons available, including likelihood of confusion with Rudy's tradedress and dilution thereof.

Dated July 15, 2013

Respectfully submitted,

LAW OFFICE OF JAMES A. JABLONSKI

/s James A Jablonski

James A. Jablonski
1801 Broadway, Suite 1100
Denver, CO  80202
jim@jablonski-law.com
303-292-0110 (Office)
303-292-0522 (Fax)

ATTORNEY FOR DEFENDANTS
JUDE'S BARBERSHOP, INC. et al.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of July, 2013, I served plaintiffs a true and correct copy of the foregoing Answer by filing the same with ecf.cod.

James Moskal
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI  49503-2487
jmoskal@mnj.com

Jeff Cowman
Ballard Spahr
1225 17th Street, Suite 2300
Denver CO 80202
cowmanj@ballardspahr.com

s/ James A Jablonski

_____
James A Jablonski

2:12-cv-14696-GER-PJK Doc # 14 Filed 07/15/13 Pg 7 of 7 Pg ID 163