UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FLOYD'S 99 HOLDING, LLC,**

        Plaintiff,                  No. 12-cv-14696

**JUDES BARBERSHOP, INC., et al.,**      Hon. Gerald E. Rosen

        Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO TRANSFER VENUE**

**I. INTRODUCTION**

On October 14, 2011, Plaintiff Floyd's 99 barbershops ("Floyd") commenced a trade dress infringement action against Defendant Jude's barbershops. Floyd's alleges that Thomas Martin, Jude's owner, visited a Floyd's in Colorado and intentionally photographed Floyd's unique interior in order to copy the design and use it in his shops in Michigan.

Plaintiff filed this action against the Defendants in the United States District Court for the District of Colorado. Floyd's first location was in Colorado, while Jude's is exclusively based in Michigan. On November 30, 2011, Jude's filed a motion to dismiss for lack of jurisdiction and improper venue, which was granted. On October 23, 2012, Floyd's brought the same action in the United States District Court for the Eastern District of Michigan. Floyd's has since opened a location in

1

Birmingham and after notice of this location, on June 27, 2013, Jude's closed its only two locations in the Eastern District of Michigan. In light of the closing of its only shops in the Eastern District, on July 16, 2013, Jude's filed this motion to change venue, asking the Court to transfer this case to the Western District of Michigan. For the reasons set forth below, the Court finds that Jude's motion is DENIED.

## II. FACTUAL BACKGROUND

Founded in 1998, Floyd's is a chain of retail hair care businesses. Compl. ¶ 24. Floyd's opened its first location in February 2001 in Denver, Colorado and in October 2005 filed for federal registration of its mark. *Id.* at ¶ 25. The mark encompasses the interior of the barbershop including vapor lock lights in metal cages, pendant lighting, mechanic's toolboxes as barber drawers, stainless steel countertops with cut-ins and cut-outs, a vertical wall sign, and a display wall filled with music themed posters. The registration was issued by the U.S.P.T.O. effective July 15, 2008. *Id.* at ¶ 26.

Enjoying considerable success since opening in 2001, Floyd's has expanded to 55 company-owned and franchised locations in 10 states and 2 countries. *Id.* at ¶ 1. Floyd's alleges Defendant Thomas Martin, the agent and owner of Jude's barbershops, visited its Colorado store in 2005 with the intent of taking pictures of Floyd's interior in order to reproduce that type of barbershop in Michigan. Compl.

¶¶ 31-33. Jude's first barbershop opened in 2005 and Martin has since expanded and opened 23 barbershops across Michigan, most of which have a similar interior to Floyd's. *Id.* at ¶ 33.

After sending ineffective cease and desist orders to Jude's, Floyd's brought suit, arguing that its entry into the Michigan market was imminent, and that Jude's use of the trade dress caused confusion amongst consumers who conflated the two barbershops. *Id.* at ¶ 35. Jude's initially responded by filing a motion to dismiss for failure to state a claim upon which relief can be granted but then subsequently withdrew that motion and filed an answer to Floyd's complaint. Then, on July 16, 2013, Jude's filed the present motion to change venue. Having now closed its two locations in the Eastern District of Michigan, Jude's argues that the only proper venue for this trademark infringement action is the Western District of Michigan where its other Michigan shops are located. Jude's further clams that factors such as convenience of the parties, the convenience of the witnesses, and the interest of justice would be served by transferring this action to the Western District.

## III. DISCUSSION

### A.  **<u>DEFENDANTS' MOTION IS UNTIMELY</u>**

Defendants argue that since Jude's only shops in the Eastern District of Michigan have now been closed, venue is no longer proper in this District and the only proper venue is in the Western District.

Venue is proper under 28 U.S.C. §1391 in any district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).  In a trademark suit brought under the Lanham Act, a "substantial part" of the events giving rise to the claims occur in any district where consumers are likely to be confused by the accused goods, "whether that occurs solely in one district or in many." *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 295 (3d Cir.1994); *see also Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir.1995) ("The place where the alleged passing off occurred . . . provides an obvious correct venue."); *Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir.1956) ("[I]n cases involving trademark infringement and unfair competition, the wrong takes place not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiffs.");  *Golden Scorpio Corp v. Steel Horse Bar & Grill*, 596 F. S.2d 1282, 1287 (Ariz. 2009). Defendants argue that since Jude's has now departed the Detroit metropolitan area and has no intention of returning, any likelihood of

confusion must necessarily be in and around Grand Rapids and Kalamazoo and immediate environs, where Jude's has its shops.

However, to be timely, any objection to venue must be raised *before* answering by motion under Fed. R. Civ. P. 12, or in the first responsive pleading (if a Rule 12 motion was not filed.)  Otherwise, the objection is waived.  *See* Fed. R. Civ. P. (h)(1).  If a Rule 12 motion is made on *any* ground, the venue objection must be raised in the same motion.  *Id.*; *see also Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 1089 ("A defendant…waives venue by failing to seasonably assert it…."); *American Patriot Ins. Agency, Inc, v. Mutual Risk Mgmt., Ltd.*, 364 F.3d 684, 687 (7th Cir. 2004) (an objection to venue must be raised either in a preliminary Rule 12 motion or as a defense in defendant's initial responsive pleading).

In this case, Defendants previously filed a Rule 12(b)(6) motion on February 27, 2013 (which was subsequently withdrawn) and an answer to the complaint (with affirmative defenses) on July 15, 2013.  No objection to venue was raised in Defendants' Rule 12(b)(6) motion nor was any objection raised in Defendants' answer or any of their affirmative defenses.  Therefore, Defendants have waived the right to object to venue in this District.

B.      **TRANSFER OF VENUE FOR CONVENIENCE**

Apparently aware that they would be found to have waived their objection to venue, Defendants also cursorily argue that this case should be transferred to the Western District of Michigan for the convenience of the witnesses and the parties and in the interests of justice. Waiver of improper venue does not rule out a motion to transfer under 28 U.S.C. § 1404(a) for convenience of parties and witnesses. *Upjohn Co. v. General Accident Ins. Co.*, 581 F. Supp. 432, 436 (D.D.C. 1984); *Leonard v. Mylan, Inc.*, 718 F. Supp. 2d 741, 744 (S.D. W.V. 2010) (unlike motions challenging improper venue, there is no time limit on § 1404(a) motions for "convenience" transfers).

A convenience transfer of venue is governed by 28 U.S.C. § 1404(a), which states that, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A plaintiff's choice of forum is generally given "substantial deference," though it "is not sacrosanct, and will not defeat a well-founded motion for change of venue." *Audi AG v. D'Amato,* 341 F. Supp. 2d 734, 749-50 (E.D. Mich. 2004).

In deciding whether to transfer a case, a Court must find that the following criteria satisfied: "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties." *Int'l Show Car Ass'n v. ASCAP*, 806 F.

Supp. 1308, 1310 (E.D. Mich. 1992). Further, the movant bears the burden of demonstrating—by a preponderance of the evidence—that "fairness and practicality strongly favor the forum to which transfer is sought." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001). In making this showing, the movant must establish that the plaintiff's choice of forum is "clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P. C.*, 74 F.3d 253, 260 (11th Cir.1996).

**1. This suit could have been brought in the Western District of Michigan.**

This Court must first consider whether the action could have been brought in the transferee district court, the Western District of Michigan. While defendant did maintain two barbershops in the Eastern District, that accounts for only 10% of the Jude's locations. The bulk of Jude's are located in the Western District of Michigan and the first Jude's barbershop was located in Grand Rapids. As the core events of this case occurred in the Western District, this action could have been brought in that district.

2. **Defendants have not shown that convenience of the parties and witnesses strongly favors transferring venue.**

The party that is most inconvenienced by the current venue is the plaintiff. Floyd's must travel further east from Colorado to Eastern Michigan, whereas defendant simply needs to travel from only a few hours from western Michigan to

the Eastern District. Floyd's readiness to bear this inconvenience in order to secure the current venue helps this factor weigh in its favor.

Jude's argument that Floyd's counsel is located in Grand Rapids, making it more convenient for plaintiff if a transfer is granted, is irrelevant. Convenience of counsel is not a factor considered by the court in determining whether to grant a convenience transfer. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003).

On the other hand, the inconvenience to defendant, Jude's, is moderate. It is true that Jude's barbershops are clustered around Grand Rapids; however, there are locations in Lansing. Defendants would have to travel approximately two hours to reach the Eastern District from Grand Rapids, or one and a half hours from Lansing.

At the same time, it does not seem as though Floyd's is purposely attempting to inconvenience Jude's. Again, at the time of the complaint, Jude's operated locations in the Eastern District; there is no evidence of forum shopping. Additionally, this court does find it suspect that Jude's only closed its two Eastern District locations after Floyd's opened a location in the Eastern District. Given these factors, Jude's has not met its burden of showing that convenience of the parties strongly favors transfer.

Another, and often the most important factor, is the convenience of witnesses. *Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d at 936-37. According to some cases, "when the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is *more than 100 miles*, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen of America, Inc.*, 506 F.3d 376, 386 (5th Cir. 2007) (emphasis added). If the rule were applied here, it would be inconvenient to witnesses traveling from Grand Rapids for the trial to continue in the Eastern District, as the distance is 150 miles. However, it is the burden of the moving party to provide each witness's name and the subject matter of the anticipated testimony and Jude's simply fails to provide such information. *Audi AG,* 341 F. Supp. 2d at 750. In fact, neither party has provided a list of witnesses, so this court cannot determine whether witnesses for either party will be inconvenienced.

While there is a modest inconvenience to Jude's, the inability to calculate whether witnesses will be inconvenienced means Jude's has not carried its burden of demonstrating that a transfer is in the convenience of the witnesses and parties.

**3. The interest of justice favors retaining this case in the Eastern District of Michigan.**

Courts look to the following factors when deciding whether a transfer of venue is in the interest of justice:

> (1) The convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2 d 809, 811 (E.D. Mich. 2000); *Hige v. Turbonetics Holdings, Inc.*, 662 F. Supp. 2d 821, 833 (E.D. Mich. 2006).

Courts are given broad discretion when interpreting these factors so that the particular facts of each case can be taken into account. *Lopez Perez v. Hufstedler*, 505 F. Supp. 39, 41 (D.D.C. 1980). Factors (1) and (3) have already been discussed and, in this case, many of the remaining factors—availability of process, means of the parties, familiarity with the law, and trial efficiency—do not favor either forum. As such, this inquiry turns on a balancing of: the location of relevant documents and relative ease of access to sources of proof, the locus of operative facts, and the deference accorded a plaintiff's choice of forum.

The locus of operative facts is primarily in the Western District of Michigan. At the same time, this point is mitigated by the fact that until recently, defendant was operating locations in the Eastern District of Michigan. Simply closing locations during litigation does not erase the fact that those locations existed at the

beginning of litigation and were a partial cause of the litigation in the first place. The locus of operative facts, thus, only slightly weighs in the favor of granting Jude's motion to transfer.

Obviously, most of the relevant documents and sources of proof reside in the Western District of Michigan. Each Jude's location can be seen as a source of proof. However, as noted above, witnesses have not been identified, so this court cannot assess whether a transfer would lessen the burden on witnesses or effect witness availability. Additionally, the location of documentary evidence is only a "minor consideration." *Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 574 (N.D. Ohio 1998). In this case, where most evidence will be in the form of witness testimony, the fact that documentary evidence will be located in the Western District bears little influence on any decision to transfer venue.

While plaintiff's choice of forum is not dispositive, it "should be given weight when deciding whether to grant a motion to change venue." *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). Thus, courts generally will not order a transfer unless the "convenience" and "justice" factors enumerated above *strongly* favor venue elsewhere. *Id.* However, because Floyd's is not a resident of Eastern District of Michigan, this deference is "substantially attenuated." *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010). Yet, the rationale behind this rule is to prevent forum shopping. Floyd's is not forum shopping by

filing a complaint in the Eastern District. Floyd's initial complaint was filed in Colorado and dismissed; it is natural that the next forum chosen would be a district where Jude's operated a barbershop. At the time of the complaint, the Eastern District was home to two Jude's barbershops. As such, deference should still be given to Floyd's choice of venue, although not to the great lengths given if Floyd's was a resident of the Eastern District of Michigan.

Taken as a whole, these factors are neutral, or at best, slightly favor the Western District of Michigan. Jude's has not shown that it is in the interest of justice that its motion to transfer venue be granted. Furthermore, Jude's has not met its burden of showing that "fairness and practicality strongly favor" the Western District of Michigan. *Home Depot, U.S.A., Inc.*, 131 F. Supp.2d at 936.

### IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' motion to change venue is DENIED.

IT IS SO ORDERED.

Dated: August 29, 2013                s/Gerald E. Rosen
                                                      GERALD E. ROSEN
                                                      CHIEF, U.S. DISTRICT COURT

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 29, 2013, by electronic and/or ordinary mail.

                                                        s/Julie Owens
                                                      Case Manager, 313-234-5135