# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

FLOYD'S 99 HOLDINGS, LLC,
a Colorado limited liability company,

    Plaintiff,

vs.

JUDE'S BARBERSHOP, INC.,
JUDE'S BARBERSHOP – OTTAWA, INC.,
JUDE'S BARBERSHOP – CASCADE, INC.,
JUDE'S BARBERSHOP – KALAMAZOO, INC.,
JUDE'S BARBERSHOP – LANSING DT, INC.,
JUDE'S BARBERSHOP – LANSING, INC.,
JUDE'S BARBERSHOP – PORTAGE, INC.,
Michigan corporations, and
JBI-COTTONWOOD, LLC,
JBI-EAST PARIS, LLC,
JBI-WEALTHY, LLC,
JBI-STANDALE, LLC,
JBI-WALLED LAKE, LLC,
JBI-OKEMOS, LLC,
Michigan limited liability companies, and
THOMAS MARTIN,

    Defendants.

Case No. 2:12-CV-14696-GER-PJK

Hon. Gerald E. Rosen

**<u>STIPULATED PROTECTIVE ORDER</u>**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case,

IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed in connection with the above-captioned lawsuit (the "Lawsuit") pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that implicates the personal or business-related privacy interests of Plaintiff, Defendants, or others and/or information contained in Plaintiff's, Defendants', or others' confidential and proprietary or personal business records, documents, materials, and communications. CONFIDENTIAL information shall not be disclosed or used for any purpose except this Lawsuit, including the preparation and trial of the Lawsuit.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL Information") shall not, without the consent of

the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

      (a)    attorneys who are actively working on this case;

      (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

      (c)    officers and directors of the parties actively involved in decision making for the present litigation, or, in the case of an individual party, that individual;

      (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings;

      (e)    the Court in this case and its employees ("Court Personnel");

      (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

      (g)    deponents and witnesses identified in the F.R.C.P. 26 disclosures in this case, including any supplemental disclosures;

      (h)    any person who authored the information in whole or in part;

(i) any person who properly received the information before this case was filed;

(j) parties to the Lawsuit and their agents and employees involved with the Lawsuit; and

(k) other persons by written agreement of the parties.

5. Any party may designate as "ATTORNEYS' EYES ONLY" information that it deems so competitively sensitive that the information would cause irreparable harm if it was learned by its competitors or potential competitors ("ATTORNEYS' EYES ONLY Information"). ATTORNEYS' EYES ONLY Information shall not be disclosed or used for any purpose except this Lawsuit, including the preparation and trial of this Lawsuit.

6. Discovery materials designated as "ATTORNEYS' EYES ONLY" may be disclosed only to the following persons and may not be disclosed to a party *except as* specified below:

(a) Counsel who have appeared of record for any party in the Lawsuit and partners, shareholders, associates, paralegal assistants, clerical staff and secretaries who are regularly employed by such counsel, and are engaged in assisting such counsel with respect to this Lawsuit;

      (b)    Experts retained by the parties or counsel, but who are not otherwise regularly employed by or affiliated with the parties or with a competitor of the parties, and any such expert's regularly employed assistants, clerical staff and secretaries who are engaged in assisting such expert with respect to this Lawsuit;

      (c)    Persons shown on the face of the document to have authored or received it;

      (d)    Any person whom the parties agree, in advance and in writing, may receive such discovery materials; and

      (e)    Court Personnel.

7.    Prior to disclosing any CONFIDENTIAL or ATTORNEYS' EYES ONLY Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), the parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Documents are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or by designating them as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in correspondence from counsel to the party producing documents.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY Information, the deposition or portions thereof shall be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as CONFIDENTIAL or ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. If a portion of any deposition, hearing or trial in this matter involves the disclosure of ATTORNEYS' EYES ONLY Information, the parties agree that any witnesses to whom such information may not be

disclosed shall be excused from the deposition, hearing or trial, while such information is being disclosed.

11.   A party may object to the designation of particular CONFIDENTIAL or ATTORNEYS' EYES ONLY Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of the Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating

the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

12. This Protective Order does not prohibit a party from disclosing discovery materials independently obtained from non-confidential sources or sources that do not designate the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY (unless such sources owe an obligation of confidentiality to the party asserting that the discovery materials are confidential).

13. Neither this Protective Order nor a party's designation of particular discovery materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any discovery materials covered by this Protective Order.

14. All documents that are filed with the Court that are designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be filed under seal pursuant to LR 5.3 and LR 26.4.

15. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, shall be returned to the party that designated it CONFIDENTIAL or ATTORNEYS' EYES ONLY, or the parties may elect to destroy CONFIDENTIAL and ATTORNEYS' EYES ONLY documents; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL and ATTORNEYS' EYES ONLY documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. Where the parties agree to destroy CONFIDENTIAL and ATTORNEYS' EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: _____

SO ORDERED:

_____
Gerald E. Rosen
United States Judge