# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

FLOYD'S 99 HOLDINGS, LLC,
A Colorado limited liability company,

    Plaintiff,        Case No. 2:12-cv-14696

                Hon. Gerald Rosen

JUDE'S BARBERSHOP, INC.,
JUDES BARBERSHOP-OTTAWA, INC.
JUDE'S BARBERSHOP – CASCADE, INC.
JUDE'S BARBERSHOP – KALAMAZOO, INC.
JUDE'S BARBERSHOP – LANSING DT, INC.
JUDE'S BARBERSHOP – LANSING, INC.
JUDE'S BARBERSHOP – PORTAGE, INC.
Michigan corporations, and JBI-COTTONWOOD, LLC,
JBI-EAST PARIS, LLC, JBI-WEALTHY, LLC,
JBI-STANDALE, LLC, JBI-WALLED LAKE, LLC,
JBI-OKEMOS, LLC, Michigan limited liability companies,
and THOMAS MARTIN,

    Defendants.

---

## DEFENDANTS' MOTION IN LIMINE TO STRIKE PLAINTIFF'S CLAIMS FOR MONETARY DAMAGES

---

Defendants Jude's Barbershops, JBI, etc. (collectively "Jude's") and Thomas

Martin submit their Motion in Limine To Strike Plaintiff Floyd's 99 Holdings

LLC's ("Floyd's") Monetary Damages Claims and, in support of their motion,

Defendants state the following:

1.     Plaintiff Floyd's brought this trademark infringement case. Plaintiff claims that Defendants violated Plaintiff's trademark by opening barbershops in Michigan that competed with Plaintiff's barbershops. Defendants deny all such claims and asserted various affirmative defenses.

2.     In the Final Pretrial Order, Plaintiff seeks "an award to Floyd's 99 of its actual damages, disgorgement of Jude's unlawfully obtained profits, [and] treble damages ..."

3.     Fed. R. Civ. P. 26(a)(1)(A)(iii) required that Plaintiff Floyd's disclose the computation of its claimed monetary damages to the other parties.

4.     Plaintiff Floyd's never identified any monetary damages or any profits that Plaintiff contends should be disgorged.

5.     In its Rule 26(a)(1) Disclosure of October 21, 2013, Plaintiff Floyd's stated that it was seeking "recovery of damages suffered as a result of Defendant's unfair competition and infringement and use of Plaintiff's Trade Dress, the specific amount of which has not yet been determined." (Ex. 1, 10/21/13 Rule 26 Disclosures).

6.     In its discovery responses, Plaintiff Floyd's identified only <u>one</u> person, Gerard Laurenzo, who allegedly purchased a "Floyd's" service rather than a "Jude's" service. (Ex. 2, Plaintiff's Interrogatory Response # 1). At the time

2

Laurenzo purchased a Jude's haircut in Grand Rapids, there was no Floyd's shop in Michigan.

7.   Plaintiff Floyd's further stated that it did not know anyone who refused to purchase a Floyd's service because of any unfavorable experience with Jude's services. (Ex. 2, Plaintiff's Interrogatory Response #4).

8.   Plaintiff Floyd's declined to disclose revenues from its two Detroit Area shops because, according to Plaintiff Floyd's, the information was irrelevant. (Ex. 2, Plaintiff's Interrogatory Response #7 & Response to Requests for Documents #5).

9.   Plaintiff Floyds conceded that it had no information regarding any person who purchased a Jude's haircut who would have purchased a Floyd's at about the same time. (Ex. 2, Plaintiff's Response to Request for Admission #1). Plaintiff Floyd's also admitted that it sustained no loss of revenue because any person purchased a service at Jude's. (Ex. 2, Plaintiff's Response to Request for Admission # 3).

10.   Plaintiff Floyd's never supplemented its Rule 26 disclosures, otherwise disclosed any actual damages, or provided any basis to seek recovery of Defendants' profits.

3

11. Plaintiff Floyd's has disclosed no witness, expert or otherwise, for which it has made any disclosure of any actual damages sustained or any provided any basis to seek recovery of Defendants' profits.

12. From 2005 through the present, Plaintiff Floyd's never had a shop in any location where Jude's also had a shop at the same time. Consequently, no customer reasonably could have received a "Jude's" haircut when s/he could have received a "Floyd's" haircut.

13. Plaintiff Floyd's is subject to sanctions for its failure to disclose its claimed monetary damages. Specifically, Floyd's must be precluded from seeking or introducing evidence of monetary damages at trial.

14. This Court may order further sanctions pursuant to Fed. R. Civ. P. 37(c)(1) and 37(b)(2)(A)(i)-(vi).

15. During the week of August 25, 2014, defense counsel Jablonski conferred with and sought concurrence from Plaintiff's counsel regarding this motion. Concurrence was not obtained.

WHEREFORE, Defendants respectfully request that this Honorable Court strike and dismiss Plaintiff Floyd's claims for monetary damages; prohibit Floyd's from introducing evidence of monetary damages at trial; prohibit Floyd's from supporting or opposing claims or defenses related to monetary damages; and award other appropriate relief in Defendants' favor.

4

Respectfully submitted,

LAW OFFICES OF JAMES A.
JABLONSKI
_/s/ James A Jablonski_
James A. Jablonski
Counsel for Defendants
1801 Broadway, Sue 1100
Denver, CO  80202
jim@jablonski-law.com
303-292-0110

and

COLLINS, EINHORN, FARRELL, P.C.
_/s/ Timothy F. Casey_
Timothy F. Casey
Co-Counsel for Defendants
4000 Town Center, Ste. 909
Southfield, MI 48075
(248) 355-4141
Timothy.Casey@ceflawyers.com

Dated: September 2, 2014

5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FLOYD'S 99 HOLDINGS, LLC,
A Colorado limited liability company,

        Plaintiff,                    Case No. 2:12-cv-14696

                                              Hon. Gerald Rosen

JUDE'S BARBERSHOP, INC.,
JUDES BARBERSHOP-OTTAWA, INC.
JUDE'S BARBERSHOP – CASCADE, INC.
JUDE'S BARBERSHOP – KALAMAZOO, INC.
JUDE'S BARBERSHOP – LANSING DT, INC.
JUDE'S BARBERSHOP – LANSING, INC.
JUDE'S BARBERSHOP – PORTAGE, INC.
Michigan corporations, and JBI-COTTONWOOD, LLC,
JBI-EAST PARIS, LLC, JBI-WEALTHY, LLC,
JBI-STANDALE, LLC, JBI-WALLED LAKE, LLC,
JBI-OKEMOS, LLC, Michigan limited liability companies,
and THOMAS MARTIN,

        Defendants.

---

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO
STRIKE PLAINTIFF'S CLAIMS FOR MONETARY DAMAGES**

---

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

CONTROLLING AUTHORITY FOR RELIEF SOUGHT .................................... iv

CONCISE STATEMENT OF ISSUE PRESENTED.............................................. v

FACTUAL BACKGROUND.............................................................................5

ARGUMENT ...................................................................................................... 5

RELIEF REQUESTED......................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Bessemer & Lake Erie RR Co. v Seaway Marine Transp.*,
   596 F.3d 357, 370 (6th. Cir. 2010) ............................................................... 6

*Dickenson v. Cardiac & Thorasic Surgery of E. Tenn.*,
   388 F.3d 976 (6th Cir. 2004) ...................................................................... 5

*Roberts v. Galen of Virginia, Inc.*,
   325 F.3d 776 (6th Cir.2003) ...................................................................... 5

*Vance ex rel Hammons v. United States*,
   182 F.3d 920 (6th Cir. 1999) ..................................................................... 6

*Vance v. United States*,
   No. 98–5488, 1999 WL 455435,  (6th Cir. June 25, 1999) ......................... 5

**Rules**

Fed. R. Civ. P. 26(a) ................................................................................ 5

Fed. R. Civ. P. 26(a)(1)(A)(iii) ............................................................... 6

Fed. R. Civ. P. 37(b)(2)(A) ..................................................................... 6

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) ........................................................... 7

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). .......................................................... 6

Fed. R. Civ. P. 37(b)(2)(A)(ii), (iii) and (v) .............................................. 6

Fed. R. Civ. P. 37(c)(1) ........................................................................... 7

# **CONTROLLING AUTHORITY**

Federal Rules of Civil Procedure 26 and 37

*Bessemer & Lake Erie RR Co. v Seaway Marine Transp.*, 596 F.3d 357 (6th. Cir. 2010)

## CONCISE STATEMENT OF ISSUE PRESENTED

1. Should this Court strike and dismiss Plaintiff's claims for monetary damages pursuant to Fed. R. Civ. P. 37(c)(1) because Plaintiff failed to disclose damages as required by Fed. R. Civ. P. 27(a)(1)?

   Defendants answer "YES"

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO STRIKE PLAINTIFF'S CLAIMS FOR MONETARY DAMAGES

## FACTUAL BACKGROUND

The factual background is outlined in Defendants' Motion in Limine to strike Plaintiff's Claims for Monetary Damages, above.

## ARGUMENT

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) provides that "a party must, without awaiting a discovery request, provide to the other parties a computation of each category of damages claimed by the disclosing party." Under Fed. R. Civ. P. 37(c)(1), a party that fails to provide information required by Rule 26(a) faces mandatory sanctions for its failure to disclose required information. Fed. R. Civ. P. 37(c)(1) "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir.2003) (quoting *Vance v. United States,* No. 98–5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)).

Specifically, a party that fails to disclose information required by Rule 26(a) is not permitted to use as evidence any information not disclosed. *Dickenson v. Cardiac & Thorasic Surgery of E. Tenn.,* 388 F.3d 976, 983 (6th Cir. 2 004) (quoting Fed. R. Civ. P. 37(c)(1)). In the absence of a reasonable explanation or

5

harmless mistake, Rule 37 sanctions are mandatory. *Vance ex rel Hammons v. United States,* 182 F.3d 920 (6th Cir. 1999).

A Court may order that a party that a non-compliant party, such as Plaintiff Floyd's, pay reasonable expenses caused by the failure, including attorney's fees, and may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(c)(1). Additional sanctions provided by Rule 37(b)(2)(A) include, but are not limited to, prohibiting the disobedient party from supporting or opposing designated claims/defenses, prohibiting introduction of the designated matters in evidence, striking pleadings in whole or in part, and dismissing the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(ii), (iii) and (v).

The Sixth Circuit Court of Appeals has held that the exclusion of evidence concerning lost profits is appropriate where the plaintiff failed to disclose computation of the alleged lost profits in accordance with Rule 26. *Bessemer & Lake Erie RR Co. v Seaway Marine Transp.,* 596 F.3d 357, 370 (6th. Cir. 2010) (applying Ohio law).

Here, Floyd's stated in its Complaint and the Final Pretrial Order that is seeks an award of actual damages, disgorgement of unlawfully obtained profits, and treble damages. Fed. R. Civ. P. 26(a)(1)(A)(iii) required Floyd's to provide a computation of these claimed monetary damages, which Floyd's failed to do.

Neither Floyd's Rule 26 Disclosures nor its discovery responses provided a computation of damages; in fact, Floyd's argued that such information was "irrelevant" because it had no information to support such damages. (Exhibits 1 & 2). Floyd's never provided an expert witness who allegedly could support such damages. It would be grossly unfair to allow Floyd's to argue such damages on the eve of trial when Defendants requested the information and Floyd's previously represented <u>that it had no such information</u>.

Floyd's is subject to the mandatory sanctions provided by Fed. R. Civ. P. 37(c)(1) and Floyd's must be precluded from seeking monetary damages at trial. Additionally, this Court may order other sanctions in accordance with Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

## RELIEF REQUESTED

Defendants respectfully request that this Honorable Court strike and dismiss Plaintiff Floyd's claims for monetary damages; prohibit Floyd's from introducing evidence of monetary damages at trial; prohibit Floyd's from supporting or opposing claims or defenses related to monetary damages; and award other appropriate relief in Defendants' favor.

7

Respectfully submitted,

LAW OFFICES OF JAMES JABLONSKI
*/s/ James A Jablonski*
James A. Jablonski
Counsel for Defendants
1801 Broadway, Sue 1100
Denver, CO  80202
jim@jablonski-law.com
303-292-0110

and

COLLINS, EINHORN, FARRELL, P.C.

*/s/ Timothy F. Casey*
Timothy F. Casey
Co-Counsel for Defendants
4000 Town Center, Ste. 909
Southfield, MI 48075
(248) 355-4141
Timothy.Casey@ceflawyers.com

Dated: September 2, 2014

8

## CERTIFICATE OF SERVICE

I hereby certify that on this September 2, 2014, the foregoing document was electronically filed with the Clerk of the Court using the ECF systems which will send notification of such filing to the following counsel of record:


Elizabeth H. Getches
Moye White LLP
16 Market Square, 6th Floor
1400 16th Street
Denver, CO  80202-1486
liza.getches@moyewhite.com

William F. Jones
Moye White LLP
16 Market Square, 6th Floor
1400 16th Street
Denver, CO  80202-1486
billy.jones@moyewhite.com

James Moskal
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI  49503-2487
jmoskal@wnj.com

Homayune A. Ghaussi
Warner Norcross & Judd LLP
2000 Town Center, Suite 2700
Southfield, MI  48075
hghaussi@wnj.com

*/s/ Barbara Lamb*