UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FLOYD'S 99 HOLDINGS, LLC,** a Colorado limited liability company,  Plaintiff, v. **JUDE'S BARBERSHOP, INC., et al.,**  Defendants | ) ) ) ) ) ) ) ) ) ) Hon. Gerald E. Rosen Referred to Hon. Paul J. Komives  Case No.: 2:12-cv-14696-GER-PJK |

**FLOYD'S 99 HOLDINGS, LLC'S MOTION *IN LIMINE* RE RUDY'S BARBERSHOP AND BRIEF IN SUPPORT THEREOF**

Plaintiff Floyd's 99 Holdings, LLC (Floyd's), by and through its counsel, MOYE WHITE LLP, moves the Court to enter an order *in limine* precluding Defendants Jude's Barbershops from presenting evidence, testimony, or argument related to Rudy's Barbershop. In support thereof, Floyd's states as follows:

**FACTUAL BACKGROUND**

Floyd's claims Jude's infringed on its federally protected trade dress by copying the design of its barbershop interior.

1. Floyd's trade dress registration, Trademark No. 3,467,850, covers its trade dress: the vapor lock lighting in metal cages, pendant lighting with exposed bulbs, mechanics tool boxes, stainless steel countertops with cut-in and cut-outs, and its distinctive poster wall.

2. Jude's asserts an affirmative defense that Floyd's trade dress registration was obtained by fraud because Floyd's failed to disclose prior use by Rudy's

Barbershop of the same trade dress when it affirmed that it "believed" it was the owner of the trade dress it sought to register and that, to the best of its knowledge, no other person had the right to use the same in commerce.

     3.     Jude's Trial Exhibit List includes several of exhibits with pictures, screenshots, and articles regarding Rudy's Barbershop. These pictures and articles are comprise Jude's Trial Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 67, 67, 68, 69. 70. 71, 72, 73, 74, 75, 76, 77, 78, 86, and 102.

     4.     Jude's also intends to present the deposition testimony of Wade Weigel and Katie Trent, an owner and employee of Rudy's to testify regarding the history of Rudy's Barbershop and its appearance

     5.     Jude's presentation of evidence regarding the appearance of Rudy's Barbershop and its alleged use of the trade dress prior to Floyd's does not affect Floyd's ability to bring a claim for trademark infringement, only the incontestability of Floyd's trademark.

     6.     Therefore, presenting evidence regarding Rudy's is a waste of the jury's time and will result in prejudice to Floyd's and confusion of the issues.

     **7.     Counsel for Floyd's attempted to obtain concurrence with respect to the relief reflected in this Motion but concurrence was not obtained.**

     WHEREFORE, Floyd's respectfully requests that the Court strike all exhibits containing pictures or articles depicting Rudy's barbershops and its trade dress.

**FLOYD'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO BAR DEFENDANTS FROM PRESENTING EVIDENCE RELATED TO RUDY'S BARBERSHOP**

Plaintiff Floyd's 99 Holdings, LLC (Floyd's), by and through its counsel, MOYE WHITE LLP, submits the following Brief in support of its Motion *In Limine* re Rudy's Barbershop:

**ISSUE PRESENTED**

**Question:** Whether the Court should preclude Jude's from presenting evidence regarding Rudy's Barbershop on the grounds it is confusing, prejudicial, a waste of time and not relevant because they pertain to affirmative defenses (that Floyd's committed fraud on the USPTO by failing to disclose Rudy's prior use of the trade dress) that merely remove the incontestable status of Floyd's trademark, not its ability to bring a claim for trademark infringement against Jude's.

**Answer:** The Court should bar such evidence.

**CONTROLLING AUTHORITY**

Federal Rules of Evidence 401, 403.

**I.  FACTS**

Floyd's incorporates the factual background set forth in its accompanying Motion in Limine to Bar evidence related to Rudy's Barbershop.

**II.  STANDARD OF REVIEW**

The purpose of a motion *in limine* is to preclude prejudicial evidence from being presented to the jury. *People v. Harris*, 86 Mich. App. 301, 309 (Mich. App. 1978). The admissibility of evidence is a preliminary question for the Court, and limiting evidence to relevant matters is proper. F.R.E. 104. Relevant evidence is evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable. F.R.E. 401. Evidence that is not relevant

is not admissible. F.R.E. 402. And, even admissible evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading to the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence. F.R.E. 403.

## II.  ARGUMENT

A.  **JUDE'S MUST NOT BE PERMITTED TO PRESENT EVIDENCE OR TESIMONY RELATED TO RUDY'S BARBERSHIP BECAUSE IT IS UNFAIRLY PREJUDICIAL, WILL CONFUSE THE ISSUES AND MISLEAD THE JURY, AND IT CONSTITUTES A WASTE OF TIME.**

   1.  **Jude's Has No Standing To Bring A Prior Use Defense And Must Not Be Permitted To Present Evidence Related To The Same.**

Jude's asserts that it is not liable to Floyd's for infringement due to of Rudy's Barbershop's alleged prior use of the same trade dress. *See* Joint Pre-trial Order at 8. Specifically, Jude's claims that Rudy's first used, among other things, stainless steel countertops, similar poster walls, mirrors and similar pricing, signage, and tool boxes. *Id.*

The Lanham Act provides that if the mark whose use by a party is charged as an infringement was adopted without knowledge of the registrant's prior use and had been continuously used by such party … from a date prior to … publication of the registered mark, then the so-called "prior user" may rely on these facts as an affirmative defense." 15 U.S.C. § 1115 (b) (5)(C). Thus, a party is an "innocent prior user" if it can show (1) it adopted the mark without knowledge of the plaintiff's prior use, and (2) it continuously used the mark in a particular geographic location from a date prior to plaintiff's

registration.  *Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1124 (6th Cir. 1996).

Here, Jude's is attempting to assert a defense that is not its own to assert.  Had **Rudy's** been sued by Floyd's for infringing upon its trade dress, **Rudy's** could attempt to claim that it was an innocent prior user of Floyd's trade dress.  Instead, Jude's improperly attempts to piggy-back on Rudy's (alleged) prior use of the trade dress to reap the benefit of a prior use defense to its own infringement of Floyd's trade dress.  Because Jude's does not assert that it was a junior user (it only claims Rudy's to be) Jude's cannot assert a defense claiming Rudy's prior use of the trade dress. Therefore, the court must preclude Jude's from presenting any form of evidence of "prior use" of the trade dress by Rudy's Barbershop.

> **2.    Jude's Affirmative Defense Of Fraud On The USPTO Is A Waste Of The Court's Time Because It Does Not Affect Floyd's Ability To Bring An Infringement Claim.**

Jude's asserts a second affirmative defense to Floyd's claim of trademark infringement of "fraud on the USPTO" to claim that Floyd's trademark is invalid.  Jude's asserts that Floyd's falsely affirmed in its trademark application that it "*believed [it] to be entitled to use such mark in commerce; to the best of [its] knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are*

*believed to be true.*"  *See* Joint Pre-Trial Order at 11.  Specifically, Jude's claims that Floyd's knew about Rudy's ownership and use of the same trade dress and that it knowingly failed to disclose it to the USPTO.[1]

To prove fraud on the USPTO, Jude's must show by clear and convincing evidence that (1) the challenged statement was a false representation regarding a material fact, (2) the person making the representation knew that the representation was false ("scienter"), (3) an intent to deceive the USPTO, (4) reasonable reliance on the misrepresentation, (4) damage proximately resulting from such reliance.  *Patsy's Italian Restaurant v. Banas*, 658 F. 3d 254, 270-71 (2nd Cir. 2011).[2]  Floyd's was under no duty to disclose to the USPTO users "whom he may have heard or noticed are using the mark if he believes that the rights of such others are not superior to his." *Bonaventure Associates v. Westin Hotel Co.*, 218 U.S.P.Q. (BNA) 537, 540 (TTAB 1983).  *See also, Wurzburger Hofbrau Aktiengesellschaft v. Schoenling Brewing Co.*, 331 F. Supp. 497 (S.D. Ohio 1971), *aff'd*, 175 U.S.P.Q. (BNA) 391 (6th Cir. 1972).

In support of its defense, Jude's intends to present dozens of pictures and articles regarding Rudy's Barbershop and testimony from Rudy's Barbershop's owner and employee, to show that Rudy's trade dress is substantially similar to Floyd's.

---

[1] Notably, the standard of disclosure is not high like the standard applicable to disclosure for patent applications.  *Yocum v. Covington*, 216 U.S.P.Q. 210 (T.T.A.B. 1982) ("The standard of disclosure as to prior knowledge of facts and of possible other and earlier uses is much lower in a trademark than a patent proceeding."); *Aveda Corp. v. Evita Marketing, Inc.*, 706 F.Supp. 1419 (D.Minn. 1989)(there is only trademark fraud if the statement misrepresents a material fact and it was made with intent to defraud).

[2] To prove fraud, Jude's must show:  (1) there was in fact another use of the same or a confusingly similar mark at the time Floyd's signed the oath in its application, (2) Rudy's had legal rights superior to Floyd's, (3) Floyd's knew that Rudy's had rights superior to it and either believed that a likelihood of confusion would result from its use of the mark or had no reasonable basis for believing otherwise, and (4) Floyd's, in failing to disclose these facts to the USPTO, intended to procure a registration to which it was not entitled.  *Qualcomm Incorporated v. FLO Corp.*, 93 U.S.P.Q.2d 1768 (T.T.A.B. 2010)

Notwithstanding Jude's already high hurdle of proving fraud by "clear and convincing evidence,"[3] or that an honest and good faith belief by the trademark applicant that he ***believes*** he is the owner of the mark is sufficient to negate any inference of fraud,[4] the probative value of evidence regarding Rudy's Barbershop is substantially outweighed by considerations of delay and a waste of time.

Assuming *arguendo* that Jude's can show that Floyd's knew that Rudy's ownership of the mark was superior and Floyd's use is confusingly similar, permitting Jude's to present pictures of Rudy's Barbershop as well as the testimony of Rudy's owner and employee (Katie Trent and Wade Weigel) is a substantial waste of time because it does not affect the enforceability of Floyd's trademark or Floyd's ability to bring a claim for infringement.  This is because "all a finding of fraud does is knock out the mark's 'incontestable' status … [i]t does not affect the mark's *validity*, because a trademark need not be registered to be enforceable. *Specialized Seating, Inc. v. Greenwich Industries, LP,* 616 F.3d 722, 728 (7th Cir. 2010).  Thus, even if Jude's could succeed in proving that Floyd's registration was fraudulently obtained, and it cannot, Jude's common law rights in the mark continue unabated and are sufficient to require an injunction against the infringing defendant. *Patsy's Italian Restaurant, Inc. v. Banas*, 658 F.3d 254, 272 (2d. Cir. 2011)("[W]hen a party's registered mark is cancelled due to

---

[3] *In re Bose Corp.*, 580 F.3d 1240-1243-45 (Fed. Cir. 2009); An example of how high the clear and convincing evidence standard for fraud is a senior user's failure to acknowledge the conflicting rights of a junior user that were established by a court decree. *Rosso and Mastracco, Inc. v. Giant Food, Inc.*, 720 F.2d 1263, 1266 (Fed. Cir. 1983); *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990) (finding fraud where the registrant had admitted knowledge of an earlier decision denying his claim that it was the only entity entitled to use the mark in question).  Fraud is not lightly to be presumed.  *Anheuser-Busch, Inc. v. Bavarian Brewing Co.*, 264 F.2d 88, 92 (6th Cir. 1959); *American Flange & Manufacturing Co., Inc. v. Rieke Corp.*, 80 U.S.P.Q.2d 1397, 1416 (T.T.A.B. 2006)(stating that fraud must be "proved to the hilt" with any doubts resolved against the charging party).
[4] *Stanfield v. Osborne Indus.*, 52 F.3d 867 (10th Cir. 1995)

fraud before the PTO, the party can still bring an action as an owner of an unregistered mark for relief pursuant to section 43(a) of the Lanham Act …"); *Orient Exp. Trading Co., Ltd. v. Federated Dept. Stores, Inc.*, 842 F.2d 650, 654 (2d Cir. 1988).

In other words, a finding of fraud merely deprives Floyd's of its incontestable status, it does not affect the mark's validity because a trademark need not be registered to be enforceable.  Because Floyd's federal rights in its unregistered mark under the Lanham Act continues, it is a waste of the time to present evidence to support a defense that does nothing to tarnish Floyd's trademark infringement claim.  *Id.*

## RELIEF REQUESTED

Floyd's respectfully requests that the court enter an order precluding Defendants from presenting any evidence, argument, testimony, or otherwise regarding Rudy's Barbershop.

DATED this 4th day of September, 2014.

Respectfully submitted,

*s/ Elizabeth H. Getches*
William F. Jones CO #35294
Elizabeth H. Getches, #34898
Moye White LLP
16 Market Square, 6th Floor
1400 Sixteenth Street
Denver Colorado 80202-1486
Telephone:  303 292 2900
FAX:  (303) 292-4510
liza.getches@moyewhite.com

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 4, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Jeffrey J. Cowman
Ballard Spahr LLP
1225 17th Street
Suite 2300
Denver, CO 80202
cowmanj@ballardspahr.com

*Attorneys for Plaintiff*

Homayune A. Ghaussi
Warner, Norcross,
2000 Town Center
Suite 2700
Southfield, MI 48075-1318
hghaussi@wnj.com

*Attorneys for Plaintiff*

Timothy F. Casey
Julie E. Nichols
Collins, Einhorn, Farrell & Ulanoff, PC
4000 Town Center, Suite 909
Southfield, MI 48075-1473
Timothy.casey@ceflawyers.com
Julie.Nichols@ceflawers.com

*Attorneys for Defendants*

James Moskal
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI 49503-2487
jmoskal@wnj.com

*Attorneys for Plaintiff*

James A. Jablonksi
Law Offices of James A. Jablonski
1801 Broadway, Suite 1100
Denver, CO 80202
jim@jablonski-law.com

*Attorneys for Defendants*

                          *s/ Deanna S. Colvin*