UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FLOYD'S 99 HOLDINGS, LLC,
A Colorado limited liability company,

        Plaintiff,
                                        Case No. 2:12-cv-14696

                                            Hon. Gerald Rosen

JUDE'S BARBERSHOP, INC.,
JUDE'S BARBERSHOP-OTTAWA, INC.
JUDE'S BARBERSHOP – CASCADE, INC.
JUDE'S BARBERSHOP – KALAMAZOO, INC.
JUDE'S BARBERSHOP – LANSING DT, INC.
JUDE'S BARBERSHOP – LANSING, INC.
JUDE'S BARBERSHOP – PORTAGE, INC.
Michigan corporations, and JBI-COTTONWOOD, LLC,
JBI-EAST PARIS, LLC, JBI-WEALTHY, LLC,
JBI-STANDALE, LLC, JBI-WALLED LAKE, LLC,
JBI-OKEMOS, LLC, Michigan limited liability companies,
and THOMAS MARTIN,

        Defendants.
_____

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO ENFORCE SETTLEMENT

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... ii

CONTROLLING AUTHORITY ............................................................. iii

CONCISE STATEMENT OF ISSUE PRESENTED ............................................. iv

      A.     Floyd's Response improperly includes a counter-motion ................... 1

      B.     The 9/11/14 Settlement Agreement is valid and enforceable. ............. 2

      C.     The 9/11/14 Settlement Agreement Points addressed one wall. ........... 3

      D.     There is no enforceable successor "December Agreement" as to settlement ...................................................................... 5

REQUESTED RELIEF ....................................................................... 7

## TABLE OF AUTHORITIES

### Cases

*Brock v. Scheuner Corp.*,
  841 F.2d 151 (6th Cir. 1988)..................................................................2

*Burniac v Wells Fargo Bank, NA*,
  2015 WL 401018 (E.D. Mich. January 28, 2015) ................................1

*In re Estate of Knopf*,
  2003 WL 356430, at *2 (Mich. Ct. App. February 14, 2003) ..............2

*Kloian v. Domino's Pizza L.L.C.*,
  273 Mich. App. 449, 733 N.W.2d 766 (2006)................................... iii

*Krauth v. Executive Telecard, Ltd.*,
  890 F. Supp. 269 (S.D.N.Y. 1995)......................................................2

*Re/Max International v Realty One*,
  271 F.3d 633 (6th Cir. 2001)......................................................... iii, 2

*Remark, LLC v. Adell Broadcasting Corp.*,
  702 F.3d 280 (6th Cir. 2012).......................................................... iii, 2

### Rules

*E.D. L.R. Appx. ECF R5(e)* ................................................................1, 7

Fed. R. Civ. P. 7(b)(1)............................................................................1

## <u>CONTROLLING AUTHORITY</u>

*Kloian v. Domino's Pizza L.L.C.,*
     273 Mich. App. 449, 733 N.W.2d 766 (2006)

*RE/MAX Int'l, Inc. v. Realty One, Inc.,*
     271 F.3d 633 (6th Cir. 2001)

*Remark, LLC v Adell Broad Corp,*
     702 F.3d 280 (6th Cir. 2012)

## <u>CONCISE STATEMENT OF ISSUE PRESENTED</u>

1.      Should this Court enter an order enforcing the settlement agreement drafted and signed by the parties on September 11, 2014?

   Defendants answer "YES"

_____

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
### MOTION TO ENFORCE SETTLEMENT
_____

Defendants Jude's Barbershops et al. (collectively "Jude's") and Thomas Martin file this Reply Brief in support of their Motion to Enforce Settlement.

**A.**     **Floyd's Response improperly includes a counter-motion.**

This Court's Electronic Filing Policies and Procedures prohibit a party from combining a counter-motion with a response to a motion:

> "[A] response or reply to a motion must not be combined with a counter-motion. Papers filed in violation of this rule will be stricken." *E.D. L.R. Appx. ECF R5(e).*

A party's request for affirmative relief ***must*** be sought in a separate motion and cannot be included in response to a motion. Fed. R. Civ. P. 7(b)(1); *Burniac v Wells Fargo Bank, NA*, 2015 WL 401018, at *4 (E.D. Mich. January 28, 2015) (unpublished) (Ex. A). Floyd's seeks different affirmative relief -- namely the enforcement of a separate alleged settlement ("the December Agreement"). Floyd's improperly requests affirmative relief, but failed to file a separate motion seeking such relief. Such action violates Local Rule ECF R5(e) and this Court should strike Floyd's response. Since Floyd's does not dispute the legitimacy of the 9/11/14 Settlement Agreement Points as a signed agreement, this Court should GRANT Defendants' motion, ENFORCE the Settlement Agreement Points, and DISMISS the case with prejudice.

**B.**    **The 9/11/14 Settlement Agreement is valid and enforceable.**

Defendants contend that the 9/11/14 Settlement Agreement Points constitute a "meeting of the minds" and final settlement. Floyd's does not dispute that Michigan law applies to the interpretation or enforceability of any settlement agreement. Under Michigan law, a written settlement agreement is binding on the parties. *In re Estate of Knopf,* 2003 WL 356430, at *2 (Mich. Ct. App. February 14, 2003) (unpublished) (Ex. 8 to Defs' Motion). Here, ***all parties*** signed the 9/11/14 Settlement Agreement Points and that agreement outlined the material terms. (Ex. 2 to Defs' Motion). There was a meeting of the minds about the material terms of a settlement, making the Settlement Agreement Points enforceable . *Remark, LLC v. Adell Broadcasting Corp.*, 702 F.3d 280 (6th Cir. 2012); *Re/Max International v Realty One,* 271 F.3d 633 (6th Cir. 2001); *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).

The fact that parties agree to execute a more formal settlement agreement later does not invalidate a written agreement. *Remark, LLC supra*; *Knopf, supra,* at *1 (enforcing a handwritten settlement agreement even though agreement called for the execution of a formal agreement and there were details to be resolved). When the parties have reached agreement on all the issues perceived to require negotiation, the executed document is enforceable. *Krauth v. Executive Telecard, Ltd.*, 890 F. Supp. 269 (S.D.N.Y. 1995). The language of the Settlement Agreement Points was sufficient on 9/11/2014 to memorialize the deal. The Settlement Agreement Points sufficiently

2

set forth specific and material terms as to the resolution of the issues set forth in the Complaint. Defendants are prepared to pay to Floyd's the agreed on $30,000 in payment of the license fees for the 24 stores. Defendants have changed the one poster wall to murals in many stores.

Defendants are not asking the Court to construe or enforce the language of the Settlement Agreement Points, only to determine it is an enforceable agreement. Floyd's now complains that the Settlement Agreement Points do not specifically address other walls. But read in the context of the allegations of the lawsuit, the Settlement Agreement Points are sufficiently clear to be enforceable.

## C.    The 9/11/14 Settlement Agreement Points addressed one wall.

The Settlement Agreement Points required Defendants to substitute murals for "*a* poster wall" so that the murals would not "resemble *the* poster wall." (Ex. 2 to Defs' Motion, ¶ 2). In its Response, Floyd's repeatedly refers to a poster wall in the singular. There was no discussion of multiple or "other" walls in Defendants' barbershops; all parties understood that Defendants would replace the posters with murals on the primary wall above the stainless steel counters. (Ex. B, Affidavit of Joel Baar).

Floyd's trade dress only includes one poster wall, not multiple walls, so it is logical that any settlement agreement would only address one wall. Floyd's trademark registration reads: "[t]he mark consists of the design of the interior of a barbershop

3

encompassing . . . *a* display wall for displaying music themed posters." (Ex. 3 to Defs' Motion). Floyd's illustration of the trade dress in the trademark registration depicts only *one* poster wall, specifically the wall above the stainless-steel counters.[1] The suggestion that there is confusion regarding the location of the single wall by referring to "stainless steel sinks" is belied by the drawing in the Trademark itself, which is entirely clear. Further the Trademark does not use the words "poster walls".

Pursuant to the Settlement Agreement Points, Defendants have one year to remove the posters from the wall above the stainless steel counters from all Jude's locations and replace those posters with murals. In its Complaint, Floyd's refers to its federally registered trademark, including "a display wall for displaying music themed posters." (Ex. 1 to Defs' Motion, ¶ 26.)[2] Throughout this case, Floyd's referred to its trade dress by referencing its trademark registration, which addresses only the display/poster wall above the stainless steel counter.

The Court should not concern itself regarding some future lawsuit. It is speculative whether a barbershop in a location distant from Floyd's, with murals on the wall behind the barber chairs and some posters with various themes in other locations, is of any interest to Floyd's in the future.

---

[1]    Defendants further contend that any other walls in Defendants' shops are not "music-themed."

[2]    Defendants attached the original Colorado Complaint as Exhibit 1 to their Motion. Floyd's filed a nearly identical complaint in this case, including the same description of its alleged trade dress in Paragraph 26 of the Michigan Complaint. (Ex. C).

4

**D.**     **There is no enforceable successor "December Agreement" as to settlement.**

Floyd's argues that the parties "agreed to the terms of a license agreement and settlement agreement" on December 9, 2014. There was an agreement to the License Agreement. To the extent the Court considers a license agreement necessary as part of enforcing the Settlement Agreement Points of 9/11/2014, the parties did reach agreement as to the License. (Ex. E). But it now seems there was no meeting of the minds, even among counsel, regarding the Settlement Agreement.

In support of its argument for a "December Agreement", Floyd's references an email sent by Defendants' attorney Joel Baar to Floyd's attorney Billy Jones, in which Baar wrote "I can't believe it - we have an agreement!" (Ex. 5 to Defs' Motion). However, a reading of the entire email chain demonstrates that Baar was referencing the license agreement and ***an earlier version of the Settlement Agreement that limited any changes to the main poster wall***. (Ex. B, Affidavit; Ex. D, 11/24/14 Email with attached Settlement). The email chain shows the following exchange:

5

- November 24, 2014: Baar sends Jones a signed Settlement Agreement with an email ("Attached is what my client has agreed to sign (and did sign already, …") (Ex. D).[3]

- December 2, 2014: Jones to Baar : "I need a signed license."

- December 2, 2014: Baar to Jones : "Attached is the license agreement [my client] has informed me that he is willing to sign."

- December 5, 2015: Jones to Baar : "Appreciate the attempt, but this license is not really a license at all."

- December 5, 2014: Baar to Jones : "Here's what I propose to 4.1 [of the license agreement]. . . "

- December 8, 2014 : Jones to Baar : "Let me offer three potential options for section 4.1 [of the license agreement]. . . Please tell me one of these would work."

- December 9, 2014 : Baar to Jones : "I can't believe it - we have an agreement! Jude's will take the third option."

When Baar sent the 12/9/14 email, Baar believed the parties had a Settlement Agreement (based on Baar's earlier 11/24/14 submission to Jones) combined with the revised License Agreement. (Ex. B).

---

[3]    Defendants correct Paragraph 2(b) of the 11/24/14 signed Settlement Agreement (Ex. D), which was mistakenly misquoted in the original motion. That 11/24/14 Settlement Agreement provided (emphasis added):

(b)    Jude's Removal of Poster Walls. Within one year of the Effective Date, Jude's will complete the removal of the poster walls from all of its 24 locations and substitute artistic murals or other artistic designs in the place of the poster walls. Poster Wall means the wall directly above the stainless steel counter top and no other wall. The murals or other artistic designs will not resemble Floyd's poster walls and instead will resemble the exemplars attached to this Settlement Agreement as Exhibit B, …

6

Moreover, the 12/9/14 document cannot be construed as Baar's agreement to a different settlement agreement because, as Floyd's admits, Baar did not have a copy of any revised proposed settlement agreement at that time. Plaintiff's counsel sent a copy of a revised agreement to Baar on 12/10/14. (Ex. 4 to Defs' Motion). Since Baar did not have a copy of any revised document on 12/9/14, he could not have agreed to any such language in the proposed settlement agreement. Instead, Baar confirmed the signed Settlement Agreement that he had sent to Floyd's on 11/24/14 on Defendants' behalf. (Ex. B).

## **REQUESTED RELIEF**

Defendants request this Court STRIKE Plaintiff's Response in accordance with Local Rule ECF R5(e) as to any affirmative relief sought by Plaintiff, ENFORCE the Settlement Agreement Points signed by all parties on September 11, 2014, and DISMISS the case with prejudice. Defendants further seek costs, attorneys' fees or any other relief in their favor.

Respectfully submitted,

LAW OFFICE OF JAMES A. JABLONSKI

/s/ James A Jablonski
James A. Jablonski
*Counsel for Defendants*
801 Broadway, Ste 1100
Denver, CO 80202
jim@jablonski-law.com
303-292-0110

Dated: March 11, 2015

COLLINS EINHORN FARRELL PC

/s/ Timothy F. Casey
Timothy F. Casey (P31836)
Julie E. Nichols (P56921)
*Co-Counsel for Defendants*
4000 Town Center, 9th Floor
Southfield, MI 48034
248-355-4141
Timothy.Casey@ceflawyers.com
Julie.Nichols@ceflawyers.com

7

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2015 I electronically filed the foregoing document with the Clerk of the Court using the ECF systems which will send notification of such filing to all counsel of record and I hereby certify that a paper copy will be hand-delivered to the Judge assigned to this matter.

*/s/ Sherry N. Lilley*
Sherry N. Lilley