# EXHIBIT B

2:12-cv-14696-GER-PJK Doc # 52-3 Filed 03/11/15 Pg 1 of 5 Pg ID 556

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

FLOYD'S 99 HOLDINGS, LLC,
A Colorado limited liability company,

        Plaintiff,

Case No. 2:12-cv-14696

Hon. Gerald Rosen

JUDE'S BARBERSHOP, INC.,
JUDES BARBERSHOP-OTTAWA, INC.
JUDE'S BARBERSHOP – CASCADE, INC.
JUDE'S BARBERSHOP – KALAMAZOO, INC.
JUDE'S BARBERSHOP – LANSING DT, INC.
JUDE'S BARBERSHOP – LANSING, INC.
JUDE'S BARBERSHOP – PORTAGE, INC.
Michigan corporations, and JBI-COTTONWOOD, LLC,
JBI-EAST PARIS, LLC, JBI-WEALTHY, LLC,
JBI-STANDALE, LLC, JBI-WALLED LAKE, LLC,
JBI-OKEMOS, LLC, Michigan limited liability companies,
and THOMAS MARTIN,

        Defendants.

---

## AFFIDAVIT OF ATTORNEY JOEL BAAR

Joel Baar, being duly sworn, deposes and says:

1.    I am a legally competent adult with personal knowledge of the facts contained in this Affidavit. If called at trial or otherwise, I can testify to the facts contained in this Affidavit.

1

2. I am a licensed Michigan attorney (P56796), authorized to practice in both the Eastern and Western Districts of Michigan, as well as the United States Court of Appeals for the Sixth Circuit.

3. Defendant Thomas Martin retained me to consult with him and his businesses (collectively Defendants Jude's, above) with respect to this trademark/trade dress infringement lawsuit. I have not entered an appearance in this case, but am an attorney of record in the companion case, *West Bend Mutual Insurance Company v. Floyd's 99 Holdings, LLC et al.*, Case No. 2:14-cv-11869 ("the Companion Case").

4. On September 11, 2014, I attended the Final Pretrial Conference on behalf of Defendants.

5. On that day, the parties, through counsel, reached an agreement to settle the case and the parties executed a handwritten settlement agreement titled "Settlement Agreement Points." (Ex. 2 to Defs' Motion to Enforce Settlement).

6. Pursuant to the Settlement Agreement Points and the subsequent stipulation of the parties, the Companion Case was dismissed with prejudice on February 6, 2015.

7. My clients and I understood the Settlement Agreement Points as requiring Defendants to replace the poster wall above the stainless steel counter with a mural at each of Jude's 24 locations. There was no discussion or

requirement that Defendants had to change any other walls in any other Jude's barbershop.

8. On November 24, 2014, I sent, via email, a signed Settlement Agreement and proposed License Agreement to Floyd's attorney Billy Jones. (Ex. D to Defs' Reply Brief in Support of Motion to Enforce Settlement; Ex. 4 to Defs' Motion).

9. Mr. Jones responded with changes to the proposed License Agreement, but did not seek modification of the signed Settlement Agreement. (Ex. 5 to Defs' Motion to Enforce Settlement).

10. From December 2, 2014 through December 9, 2014, Mr. Jones and I discussed the terms of the proposed License Agreement via email. (Ex. 5 to Defs' Motion to Enforce Settlement).

11. After several revisions, Mr. Jones and I reached an agreement as to the wording of paragraph 4.1 of the proposed License Agreement on December 9, 2014. (Ex. 5 to Defs' Motion to Enforce Settlement).

12. My email of December 9, 2014 stating that "we have an agreement!" was in reference to the 11/24/14 signed Settlement Agreement and the License Agreement.

Further Affiant say not.

_____
Joel Baar

Subscribed and sworn to before me
this 01 day of March 2015.

_Bonnie Sytsma_
Notary Public
My Commission Expires: _____

BONNIE SYTSMA
NOTARY PUBLIC, STATE OF MI
COUNTY OF KENT
MY COMMISSION EXPIRES Dec 15, 2018
ACTING IN COUNTY OF Kent

4