# EXHIBIT E

# TRADE DRESS LICENSE AGREEMENT

This Trade Dress License Agreement ("Agreement") is effective December 16, 2014 (the "Effective Date"), by and between Floyd's 99 Holdings, LLC (hereinafter "Floyd's), and Jude's Barbershop – Ottawa, Inc., Jude's Barbershop – Cascade, Inc., Jude's Barbershop – Kalamazoo, Inc., Jude's Barbershop – Lansing DT, Inc., Jude's Barbershop – Lansing, Inc., Jude's Barbershop – Portage, Inc., Michigan Corporations, JBI-Cottonwood, LLC, JBI-East Paris, LLC, JBI-Wealthy, LLC, JBI-Standale, LLC, JBI-Walled Lake, LLC, and JBI-Okemos, Michigan Limited Liability Companies (collectively, "Licensee or Jude's").

## RECITALS

Floyd's is the owner of certain federally registered trademarks, service marks, and trade dress, including U.S. Reg. No. 3467850 (the design of the interior of a barbershop) shown on Schedule A (the "Trade Dress"), attached and incorporated herein by reference, as well as common law intellectual property rights in the design shown in the drawing and depicted in specimens of the Trade Dress filed with the Patent and Trademark Office.

Floyd's filed a Complaint alleging that Jude's unlawfully used Floyd's Trade Dress in connection with Jude's' opening of numerous barbershops. Jude's denied any wrongdoing or liability.

The parties subsequently agreed to amicably resolve their disputes. As part of this resolution, the parties have concurrently entered into a Confidential Settlement Agreement and Release ("Settlement Agreement"). The terms of the Settlement Agreement provide that Floyd's shall license the Trade Dress to specific Jude's locations for a period of one year, during which time Jude's will transition to different trade dress, all as more specifically described in the Settlement Agreement.

Upon the terms and conditions set forth in this Agreement, Floyd's has agreed that Jude's may use the Trade Dress in connection with Jude's' business, which use shall inure to the benefit of Floyd's.

## AGREEMENTS

In consideration of the foregoing recitals, which are material and expressly made part of this Agreement, the following covenants, and other good and valuable consideration, the receipt, adequacy and sufficiency of which is hereby acknowledged, the parties agree as follows:

## SECTION 1
## GRANT OF LICENSE

Floyd's grants Licensee a nonexclusive, royalty-free license to use the Trade Dress in connection with Licensee's business, only in the locations identified in Schedule B (collectively, the "Licensed Premises"). Licensee accepts the license subject to the terms and conditions set forth in this Agreement.

12-16-14

## SECTION 2
## NATURE AND EXTENT OF LICENSE

2.1. Floyd's retains all rights not expressly granted hereby including, without limitation, the right to use the Trade Dress itself and to license others to use the Trade Dress. Licensee is not authorized to use the Trade Dress in connection with any business activity unrelated to the Licensed Premises.

2.2. The license granted is not transferable or assignable in any manner. Licensee may not grant any sublicense regarding the Trade Dress.

## SECTION 3
## OWNERSHIP OF TRADE DRESS

3.1 Licensee acknowledges that Floyd's is, and shall at all times remain, the owner of the Trade Dress. Licensee agrees that nothing in this Agreement grants Licensee any right, title or interest in the Trade Dress other than the right to use the Trade Dress in accordance with this Agreement, and that Licensee's use of the Trade Dress shall inure to the exclusive benefit of Floyd's.

3.2 Licensee agrees to take no action inconsistent with Floyd's' ownership including, without limitation, challenging Floyd's' title to the Trade Dress, seeking cancellation of Floyd's U.S. registration of the Trade Dress, or contesting the validity of this Agreement and the license granted hereunder.

3.3 During the term of this License, Licensee agrees at Floyd's' request to execute such other documents reasonably necessary to confirm Floyd's' rights in the Trade Dress.

3.4 Licensee agrees that, in the event it violates any provision of this Section 3, it shall immediately and fully defend, hold harmless, and indemnify Floyd's. Without limiting the generality of the preceding sentence, this obligation shall require Licensee to pay, on an ongoing basis, Floyd's' attorneys' fees, expert witnesses' fees and costs reasonably expended to enforce Section 3 of this Agreement.

## SECTION 4
## CONTROL AND MAINTENANCE OF EXISTING STANDARDS

4.1 During the term of this License, Licensee agrees that it will continue to operate its locations in the same manner as it has in the past.

4.2 During the term of this License, Licensee agrees to comply with all applicable laws and regulations, and shall obtain all appropriate governmental licenses and approvals pertaining to the marketing, sale, and offering of services by Licensee under the Trade Dress.

12-16-14

**SECTION 5**
**TERM AND TERMINATION**

5.1. The license granted pursuant to this Agreement shall commence on the Effective Date and continue in force and effect for one (1) year unless sooner terminated as provided herein.

5.2. Use of the Trade Dress by Licensee in any location other than the Licensed Premises shall immediately terminate the license granted hereby. With regard to the breach of any other provision of this Agreement including by Licensee, if such breach is curable by Licensee, the license granted hereby shall terminate if the breach is not cured within thirty (30) days following transmission to Licensee of written notice reasonably describing the breach, or within such shorter time expressly stated in the notice of breach, provided the breach may reasonably be cured within such lesser time. In the event such breach is not curable, the license granted hereby shall terminate immediately upon Licensee's receipt of written notice reasonably describing such breach.

5.3 Upon termination of the license granted pursuant to this Agreement, Licensee shall (1) immediately discontinue all use of the Trade Dress, and (2) destroy all printed materials depicting the Trade Dress.

5.4 To the extent consistent with applicable law, including, without limitation, compliance with Licensee's recordkeeping obligations under law, Licensee may retain a single copy of any materials depicting the Trade Dress for archival purposes.

**SECTION 6**
**MISCELLANEOUS**

6.1. This Agreement is made under, and shall be interpreted and enforced in accordance with, the laws of the State of Michigan, without giving effect to those principles of conflict of laws which might otherwise require the application of the laws of another jurisdiction or country, including, without limitation, any treaty to which the United States may be a party. In the event of any dispute arising out or relating to the formation, interpretation or performance of this Agreement, jurisdiction and venue shall lie exclusively with, and the parties hereby expressly submit to the jurisdiction of, a court having appropriate jurisdiction in Michigan, United States.

6.2. Any notice required or permitted to be given under this Agreement shall be deemed sufficiently given if hand-delivered, or mailed by Federal Express, delivery confirmation requested, to the address of a party shown above.

6.3. This Agreement shall be binding upon and benefit the parties hereto and their representatives, permitted successors, and permitted assigns.

6.4. This Agreement, including the Schedules attached hereto, and the Settlement Agreement, constitutes the entire agreement between Floyd's and Licensee concerning the subject matter hereof and supersedes all prior and contemporaneous agreements between the parties regarding use of the Trade Dress. This Agreement may be amended or modified only by

12-16-14

an instrument in writing which expressly refers to this Agreement and specifically states that it is intended to modify it in writing. The waiver by either party of any breach or other violation of this Agreement shall not operate as, or be construed to be, a waiver of any other concurrent or subsequent breach of the same or other provision of this Agreement.

6.5. The Sections and headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of the terms of this Agreement.

6.6. The parties agree that damages cannot reasonably compensate Floyd's in the event of a violation by Licensee that constitutes trade dress infringement (including exceeding the scope of the license granted hereby) or failure by Licensee to adhere to the requirements of Section 4, and that it would be difficult to ascertain and/or quantify the financial injury which would be suffered by Floyd's and that, by reason thereof, injunctive relief would be essential for the protection of Floyd's. Accordingly, Licensee hereby agrees and consents that in the event of any such breach or violation, Floyd's may, upon showing evidentiary support in a Court of competent jurisdiction, obtain injunctive relief in order to prevent a continued violation.

6.7. In the event that there is a controversy, disagreement or dispute between the parties concerning Licensee's use of the Trade Dress, including, without limitation, any dispute related to the formation, interpretation, performance, enforcement or breach of this Agreement, the designated representatives of each of the parties hereto shall immediately confer and devote their efforts to resolving any such dispute reasonably, and in good faith. If such controversy, disagreement or dispute cannot be resolved informally, the matter shall first be submitted for nonbinding mediation to a mutually selected impartial third-party mediator (such costs to be borne equally between the parties). The parties agree that the impartial third-party mediator must be selected within fourteen (14) days of submission of a matter for mediation and that any such mediation must be concluded within forty-five (45) days of submission. If the controversy, disagreement or dispute cannot be resolved through nonbinding mediation, the matter shall be submitted for binding arbitration to a mutually selected impartial third-party arbitrator. Mediation and arbitration shall take place in Michigan, unless both parties mutually agree on another location. Any award rendered in arbitration shall be in writing and shall be final and binding on the parties, and judgment may be entered thereon in any court of competent jurisdiction.

6.8 In the event of any legal dispute between the Parties, the prevailing party in any proceeding shall be awarded its attorneys' fees and costs.

6.9. If any provision of this Agreement is held to be invalid or unenforceable, such invalidity or unenforceability shall not render the entire Agreement invalid. Rather, the Agreement shall be construed as if not containing the particular invalid or unenforceable provision, and the rights and obligations of each party shall be construed and enforced accordingly.

6.10. Each party hereby represents and warrants to the other party that this Agreement has been duly authorized, executed and delivered in accordance with and in furtherance of its business purposes and is a binding obligation of such party. This Agreement may be executed in two or more counterparts which counterparts, taken together, shall be deemed an original and

MT 12-16-14

constitute one and the same document. The delivery of a signature of any party on a signature page shall be deemed acceptance of the Agreement in whole, and may be appended to the entire agreement, and to any other counterpart therefor. Electronic mail, telefacsimile or other transmission of executed signature pages shall be sufficient to bind the executing party.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the Effective Date.

FLOYD'S 99 HOLDINGS, LLC

By: ______________________
Its: ______________________
Date: ____________________

JUDE'S BARBERSHOP – OTTAWA, INC.,
JUDE'S BARBERSHOP – CASCADE, INC.,
JUDE'S BARBERSHOP – KALAMAZOO, INC.,
JUDE'S BARBERSHOP – LANSING DT, INC.,
JUDE'S BARBERSHOP – LANSING, INC.,
JUDE'S BARBERSHOP – PORTAGE, INC.,
MICHIGAN CORPORATIONS,
JBI-COTTONWOOD, LLC,
JBI-EAST PARIS, LLC,
JBI-WEALTHY, LLC,
JBI-STANDALE, LLC,
JBI-WALLED LAKE, LLC,
JBI-OKEMOS, LLC, and
MICHIGAN LIMITED LIABILITY COMPANIES

By: [signature]
Its: President · Managing Partner
Date: 12-16-14

02034407.1

[initials] 12-16-14

**Schedule A**
(The Trade Dress)

®

United State Trademark Registration No. 3467850

GY 12-16-14

## Schedule B

(License Premises)