**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| **FLOYD'S 99 HOLDINGS, LLC,**<br>**a Colorado limited liability company,**<br><br>Plaintiff,<br>v.<br><br>**JUDE'S BARBERSHOP, INC., et al.,**<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Hon. Gerald E. Rosen**<br>**Referred to Hon. Paul J. Komives**<br><br><br>**Case No.: 2:12-cv-14696-GER-PJK** |

**FLOYD'S 99 HOLDINGS, LLC'S REPLY TO THE RESPONSE ON MOTION *IN LIMINE* RE OTHER BARBERSHOPS AND BRIEF IN SUPPORT THEREOF**

Plaintiff Floyd's 99 Holdings, LLC (Floyd's), by and through its counsel, MOYE WHITE LLP, submits the following Reply in support of its Motion [Doc #47] requesting that the Court enter an order *in limine* precluding Defendants from presenting evidence, testimony, or argument related to other barbershops. In support thereof, Floyd's states as follows:

## ISSUE PRESENTED

**Question:** Should the Court preclude Jude's from presenting evidence related to "other barbershops" on the grounds it is confusing, prejudicial and not relevant to Jude's affirmative defense that Floyd's committed fraud on the USPTO by failing to disclose use of its trade dress by "Rudy's Barbershop"?

**Answer:** The Court should bar such evidence.

## CONTROLLING AUTHORITY

Federal Rules of Evidence 401, 403.

## FACTUAL BACKGROUND

Floyd's incorporates the factual background set forth in its Motion in Limine

regarding other barbershops.

**ARGUMENT**

Jude's Response confirms that this Court should grant the Motion. Jude's attempts to argue that its claims of similar elements in other barbershops somehow excuses Jude's infringing conduct. As set forth in the Motion itself, the issues of what other, non-party shops do or do not have is completely irrelevant to whether Jude's has infringed on Floyd's federal protected trade dress.

The elements of trade dress infringement are that 1) Floyd's owns a trade dress that is registered with the U.S. Patent and Trademark Office; 2) Jude's is using the same or similar trade dress; and 3) Jude's use of the trade dress is confusingly similar or likely to cause confusion. *Pita Delight, Inc. v. Salami*, 24 F.Supp.2d 795, 799 (E.D.Mich. 1998). It remains undisputed that Floyd's owns a federally registered trade dress. *See* Undisputed Facts in Pre-Trial Order. With respect to the second and third elements, the questions are whether ***Jude's*** is using the same trade dress and whether ***Jude's*** use of the trade dress is likely to cause confusion – but no element relates to ***other*** barbershops' trade dress or appearance. *See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 645-46 (6th Cir. 2002) (discussing likelihood of confusion factors).

Similarly, Jude's Response confirms that the appearance of ***other*** barbershops is not relevant to Jude's affirmative defense of fraud on the USPTO. Jude's identifies not evidence (because there is none) that Floyd's had alleged prior knowledge of any of

these other barbershops prior to its application to the USPTO. Without such evidence, there is simply no relevance for any of this evidence to a jury.

The potential prejudice to Floyd's if such evidence is permitted outweighs the lack of probative value of this evidence. Whether Jude's infringed on Floyd's rights depends not at all on whether other non-party barbershops also used some disparate elements that resemble objects in a Floyd's location. Allowing Jude's to present a parade of such irrelevant evidence to distract the jury from Jude's infringing actions serve no purpose but to confuse the jury and mislead the jury about the relevant legal standard for infringement. A jury could reasonably conclude that it would not be presented with this endless array of images if such images have no relevance to the legal issues before it. This is the heart of the substantial prejudice to Floyd's, and this Court should grant the Motion and exclude this prejudicial evidence.

As with the cases and arguments cited in Jude's Response to Floyd's other associated motion *in limine*, Jude's again relies upon cases which are inapplicable to the present dispute. Jude's argues that the Sixth Circuit permits evidence of third-party use to demonstrate similarity (and thus confusion between) marks. However, the cases cited by Jude's discuss a party's use of the same exact word in its mark instead of (what is relevant here) a party's use of similar, and thus infringing, trade dress. *See e.g., Citizen's Banking Corp. v. Citizens Financial Group, Inc.*, 320 Fed. Appx. 342, 347 (6th Cir. 2009) (evidence regarding use of and ubiquity of the word "citizen" in name of other banks was relevant to weakness of mark) and *Data Concepts, Inc. v. Digital Consulting, Inc.*, 150 F.3d 620 (6th Cir. 1998) (finding analysis of weakness of marks was

inadequate because it did not consider ninety websites incorporating “dci” name, among other evidence); *AutoZone, Inc. v. Tandy Corp*. 373 F.3d 786 (6th Cir. 2004) (200 pages of evidence of word “zone” demonstrated that word was weak but not that “autozone” was a weak mark). The relevance and considerations for the use of a particular word within a trademark are dissimilar and irrelevant to the considerations relevant to the protection of trade dress as presented in this case. Therefore, Jude’s cases do not support its position, and Floyd’s relief should be granted.

**RELIEF REQUESTED**

Plaintiff Floyd’s 99 respectfully requests that the Court enter an order barring any and all evidence related to other barbershops including Jude’s Trial Exhibits 22, 23, 26, 27, 28, 29, 30, 31, 32, 33, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 99, 100, 101, 103, 104, 105, 106, and 107.

DATED this 20th day of April, 2015.

Respectfully submitted,

*s/ Elizabeth H. Getches*

William F. Jones CO #35294
Elizabeth H. Getches, #34898
Moye White LLP
16 Market Square, 6th Floor
1400 Sixteenth Street
Denver Colorado 80202-1486
Telephone: 303 292 2900
FAX: (303) 292-4510
liza.getches@moyewhite.com

*ATTORNEYS FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Homayune A. Ghaussi
Warner, Norcross,
2000 Town Center
Suite 2700
Southfield, MI 48075-1318
hghaussi@wnj.com

*Attorneys for Plaintiff*

James A. Jablonksi
Law Offices of James A. Jablonski
1801 Broadway, Suite 1100
Denver, CO 80202
jim@jablonski-law.com

*Attorneys for Defendants*

Timothy F. Casey
Julie E. Nichols
Collins, Einhorn, Farrell & Ulanoff, PC
4000 Town Center, Suite 909
Southfield, MI 48075-1473
Timothy.casey@ceflawyers.com
Julie.Nichols@ceflawers.com

*Attorneys for Defendants*

*s/ Deanna S. Colvin*