UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FLOYD'S 99 HOLDINGS, LLC,** a Colorado limited liability company,<br><br>Plaintiff,<br>v.<br><br>**JUDE'S BARBERSHOP, INC., et al.,**<br><br>Defendants | Hon. Gerald E. Rosen<br>Referred to Hon. Paul J. Komives<br><br><br><br>Case No.: 2:12-cv-14696-GER-PJK |

**FLOYD'S 99 HOLDINGS, LLC'S REPLY TO DEFENDANTS' RESPONSE TO MOTION *IN LIMINE* RE RUDY'S BARBERSHOP AND BRIEF IN SUPPORT THEREOF**

Plaintiff Floyd's 99 Holdings, LLC (Floyd's), by and through its counsel, MOYE WHITE LLP, submits the following Reply in support of its Motion [Doc 46] requesting that this Court enter an order *in limine* precluding Defendants Jude's Barbershops from presenting evidence, testimony, or argument related to Rudy's Barbershop. In support thereof, Floyd's states as follows:

## ISSUE PRESENTED

**Question:** Whether the Court should preclude Jude's from presenting evidence regarding Rudy's Barbershop on the grounds it is confusing, prejudicial, a waste of time and not relevant because they pertain to affirmative defenses (that Floyd's committed fraud on the USPTO by failing to disclose Rudy's prior use of the trade dress) that merely remove the incontestable status of Floyd's trademark, not its ability to bring a claim for trademark infringement against Jude's.

**Answer:** The Court should bar such evidence.

## CONTROLLING AUTHORITY

Federal Rules of Evidence 401, 403.

## I. FACTS

Floyd's incorporates the factual background set forth in its previously filed Motion *in Limine* to Bar evidence related to Rudy's Barbershop.

## II. ARGUMENT

**A. JUDE'S FAILED TO COUNTER THE REASONS THAT THE EVIDENCE OR TESTIMONY RELATED TO RUDY'S BARBERSHIP IS NOT UNFAIRLY PREJUDICIAL, CONFUSING OF THE ISSUES AND MISLEADING TO THE JURY.**

**1. Jude's Response Confirms Its Lack Of Standing To Bring A Prior Use Defense.**

In its Response, Jude's fails to explain why its defense of its own infringement relates in any meaningful way to the rights, if any, of Rudy's.  As set forth in Plaintiff's Motion, had **Rudy's** been sued by Floyd's for infringing upon its trade dress, **Rudy's** could attempt to claim that it was an innocent prior user of Floyd's trade dress.  Jude's does not assert that it was a junior user (it only claims Rudy's to be), and Jude's cannot confuse the jury and present unfairly prejudicial evidence in a vain attempt to stand in the shoes of Rudy's, a third party herein, to excuse Jude's infringing conduct.  Jude's defenses must stand or fall based on Jude's own conduct, and the court should preclude Jude's from presenting any form of evidence of "prior use" of the trade dress by Rudy's Barbershop.

**2. Jude's Cannot Avoid Its Infringing Conduct By Attempting To Divert Attention To The Trademark's Approval Process With The USPTO.**

As set forth in Plaintiff's Motion, "all a finding of fraud does is knock out the mark's 'incontestable' status … [i]t does not affect the mark's *validity*, because a trademark need not be registered to be enforceable.  *Specialized Seating, Inc. v.*

2

*Greenwich Industries, LP,* 616 F.3d 722, 728 (7th Cir. 2010). Jude's does not dispute that its efforts to argue fraud on the USPTO does not, and cannot, affect the validity of Floyd's trademark. In fact, the existence and validity of Floyd's mark is undisputed, and Floyd's common law rights also exist independently of any interaction with the USPTO. *See Patsy's Italian Restaurant, Inc. v. Banas*, 658 F.3d 254, 272 (2d. Cir. 2011) ("[W]hen a party's registered mark is cancelled due to fraud before the PTO, the party can still bring an action as an owner of an unregistered mark for relief pursuant to section 43(a) of the Lanham Act …"); *Orient Exp. Trading Co., Ltd. v. Federated Dept. Stores, Inc.*, 842 F.2d 650, 654 (2d Cir. 1988).

Because Floyd's federal rights in its marks, and its common law rights exist and are valid, there is no point for Jude's to attempt to confuse the jury to this reality by arguing about alleged fraud in registration. Such evidence has no probative value because Floyd's right of action exists irrespective of Jude's arguments. At the same time, such evidence is designed to create jury confusion and the appearance of impropriety to distract the jury from the actual issues in the case. For this reason, Jude's Response confirms the prejudicial nature of this evidence, and the Court should grant the Motion and exclude any evidence of Rudy's Barbershop at trial pursuant to Rule 403.

### 3. The Cases Cited by Jude's Apply to Third Party Use of the Same Trademarks, not Third Party Use of Similar Trade Dress.

The cases cited by Jude's in its Response do not support its attempt to cloud the jury with pictures of irrelevant and prejudicial pictures of other barbershops. Jude's argues that the Sixth Circuit permits evidence of third-party use to demonstrate

3

similarity (and thus confusion between) marks. However, the cases cited by Jude's discuss a party's use of the same exact word in its mark instead of (what is relevant here) a party's use of similar, and thus infringing, trade dress. *See e.g., Citizen's Banking Corp. v. Citizens Financial Group, Inc.*, 320 Fed. Appx. 342, 347 (6th Cir. 2009) (evidence regarding use of and ubiquity of the word "citizen" in name of other banks was relevant to weakness of mark) and *Data Concepts, Inc. v. Digital Consulting, Inc.*, 150 F.3d 620 (6th Cir. 1998) (finding analysis of weakness of marks was inadequate because it did not consider ninety websites incorporating "dci" name, among other evidence); *AutoZone, Inc. v. Tandy Corp.* 373 F.3d 786 (6th Cir. 2004) (200 pages of evidence of word "zone" demonstrated that word was weak but not that "autozone" was a weak mark). Therefore, Jude's cases do not support its position, and Floyd's relief should be granted.

## **RELIEF REQUESTED**

Floyd's respectfully requests that the Court enter an order precluding Defendants from presenting any evidence, argument, testimony, or otherwise regarding Rudy's Barbershop.

DATED this 20th day of April, 2015.

                        Respectfully submitted,

                        *s/ Elizabeth H. Getches*
William F. Jones CO #35294
Elizabeth H. Getches, #34898
Moye White LLP
16 Market Square, 6th Floor
1400 Sixteenth Street
Denver Colorado 80202-1486
Telephone:  303 292 2900
FAX:  (303) 292-4510
liza.getches@moyewhite.com

*ATTORNEYS FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Homayune A. Ghaussi
Warner, Norcross,
2000 Town Center
Suite 2700
Southfield, MI 48075-1318
hghaussi@wnj.com

*Attorneys for Plaintiff*

James A. Jablonksi
Law Offices of James A. Jablonski
1801 Broadway, Suite 1100
Denver, CO 80202
jim@jablonski-law.com

*Attorneys for Defendants*

Timothy F. Casey
Julie E. Nichols
Collins, Einhorn, Farrell & Ulanoff, PC
4000 Town Center, Suite 909
Southfield, MI 48075-1473
Timothy.casey@ceflawyers.com
Julie.Nichols@ceflawers.com

*Attorneys for Defendants*

*s/ Deanna S. Colvin*